Steve Stasio
State Bar No. 19079950
Stasio & Stasio, P.C.
The Plaza Building
303 Main Street, Suite 302
Fort Worth, Texas 76102-4069
(817) 332-5113 / 870-0335 FAX
steve.stasio@stasiolawfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CYNTHIA FORD xxx-xx-5797 | § | CASE NO. 15-43873-MXM |
| 1819 Elm Crest Drive | § | |
| Arlington, TX 76012 | § | |
| DEBTORS | § | |

**DEBTOR'S MODIFICATION OF CHAPTER 13 PLAN POST-CONFIRMATION TO BRING DEBTOR INTO CONDUIT PROGRAM FOR CASES FILED BEFORE OCTOBER 1, 2016**
**Date: May 26, 2017**

Unless specifically set out otherwise in this *Plan Modification*, all scheduled amounts, valuations, interest rates, monthly payment amounts (per mo only), and assumptions or rejections of unexpired leases or executory contracts are not modified and shall be as set forth in the Order Confirming the Chapter 13 *Plan*, the Order approving the *Trustee's Recommendation Concerning Claims*, or an Order approving a prior modification of the Chapter 13 *Plan*, whichever was entered later. These terms shall be incorporated in and constitute provision of this *Plan Modification* as if set out herein.

**FOR ALL CREDITORS/CLAIMANTS, WHETHER SPECIFICALLY LISTED IN THIS *PLAN MODIFICATION* OR NOT, ALL OTHER *PLAN* PROVISIONS ARE MODIFIED AND AMENDED AS SET OUT HEREIN AND <u>ALL CREDITORS /CLAIMANTS SHALL BE BOUND BY THESE AMENDED PROVISIONS, INCLUDING, BUT NOT LIMITED TO, THE ORDER OF PAYMENT SET OUT HEREIN</u>.**

Language in italicized type in this *Plan Modification* shall be as defined in the General Order 2016-01, Standing Order Concerning Chapter 13 Cases and as it may be superseded or amended (General Order). All provisions of the General Order shall apply to this *Plan Modification* as if fully set out herein.

Pursuant to 11 U.S.C. §1329 the *Debtor* requests the following modification(s) to the *Debtor's* original or last modified Chapter 13 *Plan*.

## SECTION I
## HISTORY OF THE CASE

A.  Total Paid In (Received to Date):   $2,700.00
    Amount Due to be Current:            $2,850.00
    *Base Amount* (Current):             $41,375.00

    **Date of Calculation for Modification:   May 26, 2017**

B.  Current *Plan Payment* to *Trustee* Amounts and Term:

| Start Date | Number Periods | Amount |
|---|---|---|
| 5/30/2017 | 40 | $150.00 |
| 9/30/2020 | 1 | $32,525.00 |

## SECTION II
## MODIFICATION

A.  Reason for modification **(MUST BE COMPLETED)**

    X_____(1) To cure *Plan* arrears to the *Trustee*.
    _____ (2) To provide or modify treatment for Secured, Priority or Unsecured claim
            not previously provided.
    **X_____** (3) To provide for payment to the *Mortgage Lender* through the Conduit Program.
    _____ (4) To make *Plan* sufficient (based on allowed claims).
    _____ (5) To modify the Unsecured Creditors' Pool from $_____ to $_____.
    _____ (6) To modify the value of non-exempt property from $_____ to $_____.
    _____ (7) To set aside Interlocutory Order.
    _____ (8) Other:

B.  New *Plan Payment* to *Trustee* Amount and Term:

    The plan payment amount will be changed to $ (new monthly pmt. amt.) PER MONTH TO THE *TRUSTEE*:

| Start Date | Number Periods | Amount |
|---|---|---|
| 5/30/2017 | 2 | $150.00 |
| 7/31/2017 | 38 | $1,250.00 |
| 9/30/2020 | 1 | $53,705.00 |

    NEW *BASE AMOUNT*:   $104,205.00

*DEBTOR'S* NEW PAYMENT START DATE MAY NOT BE MORE THAN THIRTY (30) DAYS FROM THE DATE OF THIS *PLAN MODIFICATION*.

C. PROVIDE FOR CURRENT MORTGAGE PAYMENTS (CONDUIT) TO BE DISBURSED BY THE TRUSTEE:

| MORTGAGEE | # PAYMENTS PAID BY TRUSTEE | CURRENT POST-PET MTG AMT | 1st CONDUIT DATE |
|---|---|---|---|
| Ditech Financial | 39 | $1,074.91 | 8/1/2017 |

**CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

1. *Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as set out in this *Plan Modification* or as otherwise provided in the General Order.
2. Any *Current Post-Petition Mortgage Payment(s)* indicated herein reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender*.
3. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).
4. Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.
5. Upon completion of all *Plan Payments*, *Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by his/her/their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.
6. Unless otherwise ordered by the Court, if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.
7. Each claim secured by the *Debtor's* principal place of residence shall constitute a separate class.
8. *Mortgage Lenders* shall retain their liens.

D. PROVIDE FOR ANY POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) | % | TERM APPROXIMATE | TREATMENT |
|---|---|---|---|---|---|
| Ditech Financial | $14,220.35 | 7/2016 – 7/2017 | N/A | 39 | Pro Rata |

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest, if any, set out in this *Plan Modification*. To the extent interest is provided, it will be calculated from the date of the approval of this *Plan Modification*.

E. PROVIDE FOR OR MODIFY TREATMENT OF SECURED CLAIMS TO:

| P/M | Creditor Name | Claim Amount | Descr. of Collateral | Value | Int. Rate | Treatment |
|---|---|---|---|---|---|---|

The automatic stay shall be terminated and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral* (Surr), without further order of the court, pursuant to General Order 2016-01, paragraph 8.

F.   PROVIDE FOR OR MODIFY TREATMENT OF PRIORITY CLAIMS TO:

| P/M | Creditor Name | Claim Amount | Treatment ($/Mo; Pro Rata) |
|---|---|---|---|

G.   *Debtor's Counsel* fee for this modification:

Total amount of $400.00, of which $400.00 will be disbursed by the *Trustee* as set out in the Order of Payment below.

H.   All other provisions as set forth in the last confirmed *Plan* or last subsequently approved *Plan Modification* remain the same.

## SECTION III
## GENERAL PROVISIONS REGARDING THIS *PLAN MODIFICATION*

### ORDER OF PAYMENT:

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an Order of Confirmation of the Chapter 13 *Plan*, whether pursuant to this *Plan Modification* or a further modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st – Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees will be paid in full.
2nd – Current Post-Petition Mortgage Payments (conduit) (as adjusted, if necessary, according to the General Order) which must be designated to be paid per mo.
3rd – Secured Creditors listed in paragraph E designated to be paid per mo and Domestic Support Obligations ("DSO")
which will be paid per mo.
4th – Attorney Fees which will be paid pro-rata.
5th – Post-Petition Mortgage Arrearage, if designated to be paid per mo.
6th – Post-Petition Mortgage Arrearage, if designated to be paid pro-rata.
7th – Arrearages owed on Executory Contracts and Unexpired Leases, which will be paid
per mo.
8th – Pre-Petition Mortgage Arrearage, if designated to be paid per mo.
9th – Pre-Petition Mortgage Arrearage, if designated to be paid pro-rata, and/or Secured Creditors listed

in paragraph E which are designated to be paid pro-rata.

10th – All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th – Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") which will be paid pro-rata.

12th – Special Class Creditors, which will be paid per mo.

13th – Unsecured Creditors, other than late filed or penalty claims, which will be paid pro-rata.

14th – Late filed claims by Secured Creditors which will be paid pro-rata, unless other treatment is authorized by the Court.

15th – Late filed claims for DSO or filed by Priority Creditors which will be paid pro-rata.

16th – Late filed claims by Unsecured Creditors which will be paid pro-rata.

17th – Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on usecured and/or priority claims. These claims will be paid pro-rata.

### POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges*.

### ALL OTHER PROVISIONS AS SET FORTH IN THE LAST CONFIRMED *PLAN* OR SUBSEQUENTLY APPROVED *PLAN MODIFICATION* REMAIN THE SAME.

DATE: **May 26, 2017**

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: /s/ Steve Stasio
　　　　　　　　　　　　　　　　　　Steve Stasio
　　　　　　　　　　　　　　　　　　State Bar No. 19079950
　　　　　　　　　　　　　　　　　　Stasio & Stasio, P.C.
　　　　　　　　　　　　　　　　　　The Plaza Building
　　　　　　　　　　　　　　　　　　303 Main Street, Suite 302
　　　　　　　　　　　　　　　　　　Fort Worth, Texas 76102-4069
　　　　　　　　　　　　　　　　　　(817) 332-5113 / 870-0335 FAX
　　　　　　　　　　　　　　　　　　steve.stasio@stasiolawfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing DEBTOR'S MODIFICATION OF CHAPTER 13 PLAN AFTER CONFIRMATION was served upon the Debtor(s) and all creditors listed on the Debtors mailing matrix by United States First Class Mail, postage paid, and electronically by the Clerk and all other parties entitled to electronic notice on the date of filing hereof.

    /s/ Steve Stasio
Steve Stasio